# In the United States Court of Federal Claims

No. 23-880C
(Filed: January 25, 2024)
**NOT FOR PUBLICATION**

```
*************************************
BASAVARAJ HOOLI,                    *
                                    *
             Plaintiff,             *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
             Defendant.             *
                                    *
*************************************
```

## OPINION AND ORDER

Plaintiff Basavaraj Hooli, proceeding *pro se*, raises allegations related to the operation of a hospital in Florida. *See* Complaint (ECF 1). The government has moved to dismiss under RCFC 12(b)(1) and 12(b)(6).[1] The motion to dismiss for lack of jurisdiction is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that

---

[1] *See* Mot. to Dismiss (ECF 15). Mr. Hooli has filed a response (ECF 17).

*pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

The Complaint does not contain any evident reason the United States might be obligated to pay money to Plaintiff. Claims for money in this Court are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). Although Plaintiff mentions certain federal agencies, he does not explain his basis for demanding money from them. In the absence of any such basis for recovering money from the United States, the Complaint must be dismissed.

To the extent Mr. Hooli alleges wrongdoing by individuals, companies, or state government entities, this Court has no jurisdiction over claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

I have reviewed Plaintiff's complaint in its entirety, and I am unable to identify any claims within this Court's jurisdiction. Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.").

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

- 2 -